**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Carmen Maria MELENDEZ, Defendant—Appellant.**

No. 02–10083.

D.C. No. CR–01–00300–PGR.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 23, 2003.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

## MEMORANDUM**

Carmen Maria Melendez appeals her conviction and 65–month sentence imposed

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

after her jury trial for harboring illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), and conspiracy to transport illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (v). We affirm in part, and vacate and remand in part.

Marc J. Victor, Esq., filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he found no meritorious issues for review, along with a motion to withdraw as counsel of record. We granted the motion to withdraw, appointed new counsel, and ordered further briefing on whether the district court erred in applying the abuse of trust adjustment to Melendez's sentence, pursuant to U.S.S.G. § 3B1.3. After further briefing, and upon our review of the record, we conclude that the district court erred in applying the abuse of trust adjustment.

We review de novo the application of the abuse of trust adjustment. *United States v. Brickey,* 289 F.3d 1144, 1153 (9th Cir. 2002). "For purposes of section 3B1.3, a position of trust, if any, must be established from the perspective of the victim." *United States v. Hill,* 915 F.2d 502, 506 n. 3 (9th Cir.1990). The district court in this case adopted the factual and legal findings of the presentence report, and the presentence report had recommended that the district court apply the abuse of trust adjustment based on the trust relationship between the owner of the apartment complex and Melendez. This was error because the owner of the apartment complex was not the victim. *See id.*

The conviction is affirmed, the sentence vacated, and the case is remanded for further proceedings consistent with this disposition.

**AFFIRMED** in part, **VACATED** and **REMANDED** in part.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.